## IOWA WASHING MACH. CO. v. SAECKER.

(District Court, W. D. Wisconsin. January 12, 1915.)

### No. 17–E.

PATENTS ☞328—INFRINGEMENT—WASHING MACHINE.
 The Victor patent, No. 863,120, for a washing machine, construed an infringement, *held* not established by the evidence.

In Equity. Suit by the Iowa Washing Machine Company against E. C. Saecker. On final hearing. Decree for defendant.

Wallace R. Lane, of Chicago, Ill., for complainant.

Taylor E. Brown and Clarence E. Mehlhope, both of Chicago, Ill., for defendant.

SANBORN, District Judge. Complainant moved for a temporary injunction on patent No. 863,120, for a washing machine, issued August 13, 1907, to A. F. Victor, now owned by complainant, and after the motion was heard it was agreed by the parties that such hearing might be treated as a final one, and the affidavits as depositions. The patent was sustained by the Circuit Court of Appeals of this circuit in Horton Mfg. Co. v. White Lily Mfg. Co., 213 Fed. 471, 130 C. C. A. 117. An examination of that report shows that the most important advance made by the patentee was relieving the tub cover of weight, by putting driving mechanism and heavy operating parts on the side, leaving only the light connections for operating the stirrer or "dolly" on the cover. Judge Kohlsaat says:

"If the appellee's patent was the first to provide a lever-operated gear for a washtub, which reduced the weight of the lid to a negligible quantity, he made such an addition to that art as amounted to invention. * * * In view of the absence in the prior art and use of any device showing a washtub having a cover free from the weight of the impelling machinery and the so-called line of cleavage at the point where the power is applied to the drive shaft, which carries the stirrer shaft, and in view of the other novel features of the claims, we hold the patent to be valid."

The "other novel features" referred to are undoubtedly the combination of the stirrer shaft with the slow-acting lever, the rapid-acting flywheel, and the line of cleavage. If we assemble all these elements, they may be thus stated:

1. A stirrer shaft.
2. A cover without the weight of the driving machinery.

---

3. A slowly moving lever.

4. A rapidly moving flywheel.

5. A line of cleavage or separation where the power of the lever is applied to the flywheel, so that the latter may continue its motion after the separation is made by raising the cover.

Defendant's machine has all the above elements (in a somewhat different degree from the Victor machine) except the first and second. As to the first element, it is claimed that defendant's dolly is a combined suction and clothes-moving device, by which there is no stirring back and forth, but where the clothes are continuously moved around in the same direction. It is, however, a stirrer shaft, so it seems this element may, by the rule of liberal construction applied by the Circuit Court of Appeals to the question of novelty, be held an equivalent.

The second element, however, of a cover without the load of the driving machinery, presents a different question. This is the gist of the patented device, but defendant does not employ it. All of its mechanism, except the flywheel and the lever, is on the cover. It is not very heavy, but all the iron parts are light. This important and essential feature of the patent is substantially wanting.

There are also other differences which lead me to think that infringement is at least doubtful. For the Victor segmental gear on the lever defendant has a gear driving wheel, with an entirely different function. I do not, however, go so far as to say that defendant's theory is correct, that the segmental rack and pinion are so connected with the line of cleavage as to make it necessary to read the rack into claims 2 and 4. I stop short of that by simply saying that the two constructions differ.

Another point of distinction is that if a belt is applied to defendant's flywheel the lever can be taken off, but on the Victor washer the lever would still be necessary in order to operate the stirrer and make the "line of cleavage" of any importance at all. Then the stirrer shaft of the Victor patent is driven by a rocking movement, and defendant's by a rotary drive for translating the continuous rotary motion of the shaft into an up and down motion, and a step by step rotation, of the stirrer shaft. In one form the motion is "transmitted," and in the other "translated."

On the whole, I think it quite doubtful whether infringement is shown. Decree for defendant, with costs.